UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH NOVAK,<br><br>Defendant. | Civil Action No. 06-5342 (FLW)<br><br>OPINION |

## WOLFSON, District Judge

Presently before the Court is a motion by Plaintiffs, Warner Bros. Records, Inc., Arista Records LLC, UMG Recordings, Inc., BMG Music, and Sony BMG Music Entertainment, for default judgment on their claims against Defendant, Joseph Novak, for failure to appear or otherwise respond to Plaintiffs' Complaint of November 8, 2006. For the reasons set forth below, Plaintiffs' motion will be GRANTED.

## I. BACKGROUND

Plaintiffs are the "copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings . . . ." Plaintiffs' Compl. at ¶11. Upon Plaintiffs' information, Defendant "is an individual residing in this District." Id. at ¶9.

On November 8, 2006, Plaintiffs commenced this suit against Defendant alleging that Defendant infringed on Plaintiffs' copyrights, including but not limited to the following sound

recordings:

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Leo Sayer | When I Need You | Endless Flight | N37784 |
| Arista Records LLC | Kenny G | Loving You | Kenny G Greatest Hits | 263-707 |
| Warner Bros. Records Inc. | Leo Sayer | More Than I Can Say | Living in a Fantasy | 22-022 |
| UMG Recordings, Inc. | Mark Wills | I Do (Cherish You) | Wish You Were Here | 251-938 |
| Arista Records LLC | Alan Jackson | It's Alright to Be a Redneck | When Somebody Loves You | 289-367 |
| BMG Music | Kenny Chesney | Don't Happen Twice | Greatest Hits | 277-700 |
| Arista Records LLC | Kenny G | The Moment | The Moment | 236-228 |
| Sony BMG Music Entertainment | Celine Dion | My Heart Will Go On | Let's Talk About Love | 248-109 |
| Sony BMG Music Entertainment | Julio Iglesias | Can't Help Falling In Love | Starry Night | 127-481 |
| Arista Records LLC | Kenny G | Summertime | Classics In The Key of G | 289-898 |

Plaintiffs' Compl. at Ex. A.

Defendant was served with a copy of the Summons and Complaint on December 13, 2006. Plaintiffs' Request Default at ¶ 2. Defendant failed to plead or otherwise appear. Confoy Decl. at ¶ 4. On January 31, 2007, Plaintiffs requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on February 1, 2007. Id. at ¶ 3; see also Plaintiffs' Appl. Default J. at ¶ 1. On February 8, 2007, Plaintiffs filed a Motion for Default

2

Judgment. Defendant has failed to appear and defend the claims against him and has likewise failed to oppose the instant Motion for Default Judgment.

## II. STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). The court's discretion is "not without limits", however, as the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

## III. DISCUSSION

Plaintiffs bring this action against Defendant pursuant to the Copyright Act, 17 U.S.C. § 101 et seq. Plaintiffs' Compl. at ¶ 1. The facts plead in the Complaint concerning Defendant's actions regarding his infringement of Plaintiffs' copyrights and exclusive rights are sufficient to state a cause of action thereunder. Id. ¶¶ 11-17. Specifically, Plaintiffs have plead:

> that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution.

3

> Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright [law].

Id. at ¶ 13.

### a. Statutory Damages

Plaintiffs request money damages in the form of statutory damages in the amount of $7,500.00 for the ten infringements alleged in their Complaint pursuant to 17 U.S.C. § 504. Plaintiffs' Appl. Default J. at p. 3. Plaintiffs ask this Court to award the minimum statutory damages of $750.00 for each of Defendant's ten infringements. Id. Plaintiffs claim that courts "routinely award minimum statutory damages – or higher – as part of default judgments in copyright infringement cases." Id. at 4-5 (citing Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002); D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 35, 37 (2d Cir. 1990); Morley Music Co. v. Dick Stacey's Plaza Motel, Inc., 725 F.2d 1, 2-3 (1st Cir. 1983); Getaped.com, Inc. v. Cangemi, 188 F. Supp. 2d 398, 400-02 (S.D.N.Y. 2002); Microsoft Corp. v. Wen, 2001 WL 1456654, No. C 99-04561 MEJ, at *5-6 (N.D. Cal. Nov. 13, 2001); Perfect 10, Inc., v. Talisman Comm., Inc., 2000 WL 364813, No. CV99-10450 RAP MCx, at *3-4 (C.D. Cal. Mar. 27, 2000)).

Further, Plaintiffs claim that "[b]ecause Plaintiffs here seek only the minimum statutory damages and those damages easily are ascertainable from the Complaint, no evidentiary hearing is necessary." Id. (citing Ortiz-Gonzalez, 277 F.3d at 63-64; D.C. Comics Inc., 912 F.2d at 34, 37; Morley Music Co., 725 F.2d at 2; O'Brien v. R.J. O'Brien & Assoc., Inc., 998 F.2d 1394, 1405 (7th Cir. 1993); Fustock v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d 1989); HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988); Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th Cir. 1981)). The Court agrees.

4

Here, the Court finds an award of $7,500.00, the minimum statutory award, to be appropriate and reasonable given Defendant's conduct and in light of his failure to appear or otherwise defend in this action.

### b. Permanent Injunctive Relief

In addition to statutory damages, Plaintiffs request permanent injunctive relief to enjoin Defendant from infringing on all of the "copyrighted sound recordings owned by Plaintiffs," including sound records created in the future. Plaintiffs' Appl. Default J. at p. 9. Pursuant to 17 U.S.C. § 502(a), courts may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

Plaintiffs claim, and the Court agrees, that courts "routinely issue injunctions as part of default judgments." Plaintiffs' Appl. Default J. at 6-7 (citing Claremont Flock Corp. v. Alm, 281 F.3d 297 (1st Cir. 2002); Securities & Exch. Comm'n v. Coldicutt, 258 F.3d 939, 945 (9th Cir. 2001); Securities & Exch. Comm'n v. McNulty, 137 F.3d 732, 741 (2d Cir.), cert denied, 525 U.S. 931, 119 S. Ct. 340 (1998); CJC Holdings, Inc. V. Vv. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992); Sony Music Entm't. Inc. v. Global Arts Prod., 45 F.Supp.2d 1345-47 (S.D.Fla. 1999).

Further, Plaintiffs claim that "Defendant's conduct is causing irreparable injury that cannot fully be compensated or measured in money, and that they will continue to suffer such injury unless the Court enjoins Defendant from continuing to infringe Plaintiffs' copyrights." Plaintiffs' Appl. Default J. at p. 7. Plaintiffs also note that "there is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendant would stop." Id. at p. 9. Moreover, according to Plaintiffs, "Defendant's failure to respond to the

5

Complaint suggests that Defendant does not take seriously the illegality of the infringing activity," and therefore, "without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to continued, repeated infringement." Id.

Here, the Court finds that a permanent injunction is appropriate and reasonable given Defendant's continuing infringement on Plaintiffs' sound recordings, and Defendant's failure to respond to Plaintiffs' Complaint.

### c. Costs

Finally, Plaintiffs request $420.00 in costs of suit pursuant to 17 U.S.C. § 505. Id. at p. 3. Plaintiff has submitted a declaration setting forth the amount of costs incurred in prosecuting this action. Confoy Decl. at ¶ 6. Pursuant to 17 U.S.C. § 505, in any civil action under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. This Court finds Plaintiffs' costs to be reasonable, and pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to such reasonable costs.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment against Defendant is granted and Plaintiffs may recover the sum of $7,920.00, which includes $7,500.00 in statutory damages and $420.00 in costs. Furthermore, Plaintiffs are entitled to injunctive relief, and Defendant is enjoined from infringing on Plaintiffs' copyrighted and licensed sound recordings. An appropriate order will follow.

Dated: May 4, 2007

/s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge